REQUEST FOR ADVISORY OPINION ON CONSTITUTIONALITY
OF 1977 PA 108

Docket No. 60434. Decided December 13, 1977.

The Governor requested an advisory opinion on whether § 45 of
1977 PA 108 (Enrolled Senate Bill No. 419), an act to amend
the Administrative Procedures Act, which provides for review
of administrative rules by the Legislature's Joint Committee on
Administrative Rules, is constitutional. *Held:*

Courts traditionally have resolved only actual controversies
where stakes of the disputants are committed and the issues
developed in adversary proceedings upon trial. The constitu-
tional provision for advisory opinions by the Supreme Court on
"solemn" occasions, at the discretion of the Court, is a depar-
ture from the historic judicial scheme. The intent of the Consti-
tution was for sparing resort to this mechanism. Under the
circumstances the Court finds it would be an inappropriate
exercise of its discretion to grant the request.

Justice Levin, who was joined by Justices Coleman and
Fitzgerald, would grant the request for an advisory opinion. It
appears from opinions of the Attorney General, scholarly com-
mentaries, and the record of the constitutional convention that
there is a substantial question whether the Legislature may
revoke, suspend, or amend an administrative rule by concur-
rent resolution or can do so only by bill enacted in conformity
with the Constitution. The limited power conferred on the joint
committee of the Legislature by the Constitution may imply
that the framers did not intend that the Legislature could
empower such a committee to suspend or disapprove a rule
promulgated while the Legislature was in regular session.
There are no constructional or factual issues to be resolved as a
predicate to consideration by this Court of the constitutional
questions. This is a solemn occasion. The administration of
government depends on exercise of the rule-making power. The
challenged amendment of the Administrative Procedures Act
will cloud rules promulgated after its effective date and may

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 16 Am Jur 2d, Constitutional Law § 111.
    20 Am Jur 2d, Courts § 75.

encourage agencies to avoid the rule-making procedures of that act.

Request declined.

### Opinion of the Court

1. Courts—Constitutional Law—Advisory Opinion.

Courts traditionally have resolved only actual controversies where stakes of the disputants are committed and the issues developed in adversary proceedings upon trial; the Constitution of 1963 provides a departure from the historic judicial scheme by permitting advisory opinions, judgments framed in a factual void, by the Supreme Court on the constitutionality of certain legislation (Const 1963, art 3, § 8).

2. Constitutional Law—Courts—Advisory Opinion.

The Constitution provides for advisory opinions by the Supreme Court on "solemn" occasions; clearly, the intent was for sparing resort to this mechanism (Const 1963, art 3, § 8).

3. Constitutional Law—Advisory Opinion—Administrative Procedures Act.

The Supreme Court declines to grant a request by the Governor for an advisory opinion on the constitutionality of 1977 PA 108, which empowers a joint committee of the Legislature to prevent a rule promulgated by an administrative agency from becoming effective, because the Court finds it would be an inappropriate exercise of its discretion to grant the request (Const 1963, art 3, § 8; 1977 PA 108).

### Dissenting Opinion by Levin, J.

### Coleman and Fitzgerald, JJ.

4. Courts—Advisory Opinion—Statutes—Administrative Procedures Act—Constitutional Law.

*The Supreme Court should grant the request of the Governor for an advisory opinion on 1977 PA 108, which empowers a joint committee of the Legislature to prevent a rule promulgated by an administrative agency from becoming effective where it appears from opinions of the Attorney General, scholarly commentaries, and the record of the constitutional convention that there is a substantial question whether the Legislature may revoke, suspend, or amend a rule by concurrent resolution or can do so only by bill enacted in conformity with the Constitution (Const 1963, art 3, § 8; Const 1963, art 4, § 37; 1977 PA 108).*

5. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—CONSTI-
   TUTIONAL LAW—ADVISORY OPINION.
   *The administration of government depends on exercise of the
   rule-making power; the Supreme Court should grant a request
   for an advisory opinion on 1977 PA 108 because that chal-
   lenged amendment of the Administrative Procedures Act will
   cloud administrative rules promulgated after its effective date
   and may encourage agencies to avoid the rule-making proce-
   dures of the act (Const 1963, art 3, § 8; 1977 PA 108).*

PER CURIAM. Pursuant to Const 1963, art 3, § 8,
on September 29, 1977, the Governor requested
our advisory opinion on the constitutionality of
1977 PA 108.

His letter read in part:

"Enrolled Senate Bill 419 was passed by the Legisla-
ture on July 7, 1977 and was returned to the Legisla-
ture on August 5, 1977 without the Governor's ap-
proval. Subsequently the Legislature reconsidered the
bill and as of September 28, 1977, it has been enacted
into law notwithstanding the objections of the Gover-
nor. Section 2 of Enrolled Senate Bill 419 provides that
the act will not become effective until January 1, 1978.
* * *

"Section 45 of the bill provides a procedure for the
legislative review of rules adopted by executive branch
agencies pursuant to statutory or constitutional author-
ity. The procedure contemplates that the Joint Admin-
istrative Rules Committee would be empowered to ap-
prove, disapprove, or take no action, upon a particular
set of rules within a stated time period. This procedure
raises significant questions of public law and are of
paramount concern to the proper functioning of the
branches of government.

"Article 3, § 2 of the Michigan Constitution of 1963
provides for the separation of powers among the
branches of government and the instant legislation
raises significant questions as to the prerogatives of the
executive and judicial branches. Therefore, I respect-
fully request the opinion of the Supreme Court pursu-
ant to Const 1963, art 3, § 8 of the following questions:

"1. Do the procedures set forth in section 45 of

Enrolled Senate Bill 419 violate art 3, § 2 by authorizing the legislative branch to exercise a function reserved to the executive branch of government?

"2. Do the procedures set forth in Section 45 of Enrolled Senate Bill 419 violate art 3, § 2 by authorizing the legislative branch to interpret the law, a function reserved to the judicial branch?

"3. Are the provisions of Section 45 of Enrolled Senate Bill 419 an impermissible extension of legislative authority in violation of Const 1963, art 4, § 22 as modified by the limited provisions of art 4, § 37 with respect to suspension of rules?"

From the foregoing it is apparent that a serious disagreement exists between the legislative and executive branches of our government over the respective powers of all of the branches which may result in a genuine controversy.

Courts traditionally have resolved only actual controversies, where stakes of the disputants are committed and the issues developed in adversary proceedings upon trial.

Article 3, § 8 was an innovation in the 1963 Michigan Constitution, a departure from the historic judicial scheme. It provided for advisory opinions on constitutionality—judgments framed in a factual void—for guidance on "solemn" occasions, at the discretion of the Supreme Court. Clearly, the intent was for sparing resort to this mechanism.

This section was invoked eight times in the first 12 years of its existence. In the last three years, it has been invoked nine times.

Mindful of its historic role, in full recognition of Const 1963, art 3, § 8, and with all due respect to the Governor, this Court holds that under the circumstances it would be an inappropriate exer-

cise of its discretion to grant the September 29 request.

The Court stands ready to examine carefully, and to resolve expeditiously, any controversy that comes to it out of application of 1977 PA 108 in a factual setting.

KAVANAGH, C. J., and WILLIAMS, RYAN, and BLAIR MOODY, JR., JJ., concurred.

LEVIN, J. We would grant the request of the Governor for an advisory opinion[1] on the constitutionality of 1977 PA 108 which empowers a joint committee of the Legislature to prevent a rule promulgated by an administrative agency from becoming effective.[2]

[1] "Section 45 of the bill provides a procedure for the legislative review of rules adopted by executive branch agencies pursuant to statutory or constitutional authority. The procedure contemplates that the Joint Administrative Rules Committee would be empowered to approve, disapprove or to take no action, upon a particular set of rules within a stated time period. This procedure raises significant questions of public law and are of paramount concern to the proper functioning of the branches of government.

"Article III, Section 2 of the Michigan Constitution of 1963 provides for the separation of powers among the branches of government and the instant legislation raises significant questions as to the prerogatives of the executive and judicial branches. Therefore, I respectfully request the opinion of the Supreme Court pursuant to Article III, Section 8 of the following questions:

"1. Do the procedures set forth in Section 45 of Enrolled Senate Bill 419 violate Article III, Section 2 by authorizing the legislative branch to exercise a function reserved to the executive branch of government?

"2. Do the procedures set forth in Section 45 of Enrolled Senate Bill 419 violate Article III, Section 2 by authorizing the legislative branch to interpret the law, a function reserved to the judicial branch?

"3. Are the provisions of Section 45 of Enrolled Senate Bill 419 an impermissible extension of legislative authority in violation of Article IV, Section 22 as modified by the limited provisions of Article IV, Section 37 with respect to suspension of rules?"

[2] "(1) The legislative service bureau shall promptly approve a proposed rule when it deems it proper as to all matters of form, classification, arrangement, and numbering. The department of the attorney general shall promptly approve a proposed rule when it deems it to be legal.

The Attorney General has advised that—apart from the limited power that may be conferred on

---

"(2) After the legislative service bureau and attorney general have approved a proposed rule but before the agency has formally adopted the rule, the agency shall transmit by letter copies of the rule bearing certificates of approval and copies of the rule without certificates to the joint committee on administrative rules. After its receipt of the agency's letter of transmittal, the committee shall have 60 days in which to consider the rule. This section does not apply to an emergency rule.

"(3) If the committee approves the proposed rule within the 60 days, it shall attach a certificate of its approval to all copies of the rule bearing certificates except 1 and transmit those copies to the agency. If, by a majority vote of the committee, added time to consider rules is needed, the committee may extend the time on a particular rule or set of rules to 90 days.

"(4) If the committee *disapproves* the proposed rule or *neither approves or disapproves* the rule within the 60 days, it shall immediately report that fact to the legislature and return the rule to the agency. The *agency shall not adopt or promulgate the rule* unless one of the following occurs:

"(a) The legislature passes a concurrent resolution adopting the rule within 60 days after receiving the report.

"(b) The rule is subsequently approved by the committee.

"(5) An agency may withdraw a proposed rule by leave of the committee. An agency may resubmit a rule so withdrawn or returned under subsection (4) with minor modification. Such a rule is a new filing and subject to this section but is not subject to further notice and hearing as provided in sections 41 and 42.

"(6) If the committee approves the proposed rule within the 60 days or the legislature adopts a concurrent resolution approving the rule, the agency may adopt the rule, in accordance with an applicable statute, and make a written record thereof. Certificates of approval and adoption shall be attached to at least 6 copies of the rules.

"(7) This section, as amended, shall apply to any proposed rule transmitted to the committee on or after the effective date of this amended section. If a proposed rule was transmitted to the committee less than 2 months before the effective date of this amended section and the committee has not approved the proposed rule before the effective date of this amended section, the agency shall not adopt or promulgate that rule unless it retransmits the proposed rule to the committee and the proposed rule is approved by the committee or by concurrent resolution of the legislature pursuant to this amended section. A proposed rule retransmitted to the committee pursuant to this subsection is not subject to further notice or hearing under sections 41 and 42.

"(8) On formal adoption of a rule, an agency, if requested to do so by an interested person either before or within 30 days after the hearing, shall issue a concise written statement of the principal reasons for its actions." 1977 PA 108, § 45 (emphasis supplied).

such a joint committee, pursuant to Const 1963, art 4, § 37,[3] to suspend a rule when the Legislature is not in regular session—a law authorizing a committee of the Legislature to revoke, suspend or amend an administrative rule is unconstitutional and void.[4] Attorney General Adams earlier gave the same advice.[5] Their opinions find support in scholarly commentary on the effect and constitutionality of "laying limitations"[6] on the rule-making process.[7]

---

[3] "The legislature may by concurrent resolution empower a joint committee of the legislature, acting between sessions, to suspend any rule or regulation promulgated by an administrative agency subsequent to the adjournment of the last preceding regular legislative session. Such suspension shall continue no longer than the end of the next regular legislative session." Const 1963, art 4, § 37.

[4] OAG, 1967–1968, No 4,586, pp 65, 72 (July 13, 1967).

[5] 2 OAG, 1957–1958, No 3,352, p 246 (October 8, 1958).

Attorney General Millard, in an unpublished ruling dated December 17, 1953 addressed to a state representative, saw 1951 PA 9 as encroaching on the judicial function:

"This power to suspend the operation of a rule depends in the statute entirely upon a finding by the committee that such a rule is not in conformity with the statute under which it was promulgated. The determination of the question as to whether a rule is in conformity with the statute under which it was promulgated appears to be a judicial function. Not having the power to make such determination, the legislature cannot lawfully delegate such power to one of its committees. For this reason the provisions under discussion purporting to give a legislative committee power to suspend a rule for the reasons stated appear to contravene that provision of the Constitution under which the legislative power of the government may not perform judicial functions."

[6] See, 1 Cooper, State Administrative Law, p 222.

[7] See Watson, *Congress Steps Out: A Look at Congressional Control of the Executive,* 63 Cal L Rev 983 (1975); Bruff and Gellhorn, *Congressional Control of Administrative Regulation: A Study of Legislative Vetoes,* 90 Harv L Rev 1369 (1977); see, also, Schubert, *Legislative Adjudication of Administrative Legislation,* 7 J of Public L 135 (1958); Helstad, *New Law on Administrative Rule Making,* 1956 Wis L Rev 407; Cooper, *supra,* pp 221–230; 1 Davis, Administrative Law Treatise, § 6.08, pp 385–390; Gellhorn and Byse, Administrative Law, Cases and Comments (5th ed), pp 92–97; *Buckley v Valeo,* 424 US 1, 140, fn 176; 96 S Ct 612; 46 L Ed 2d 659 (1976); and *compare* Boisvert, *A Legislative Tool for Supervision of Administrative Agencies: The Laying System,* 25 Fordham L Rev 638 (1957); Note, *"Laying on The Table"—A Device for Legislative Control over Delegated Powers,* 65

The record of the Constitutional Convention of 1961 indicates that art 4, § 37, was incorporated in the new Constitution in the belief that absent such an expression in the Constitution the Legislature would be powerless between regular legislative sessions to suspend an administrative rule promulgated after adjournment of the Legislature.[8] The limited power conferred may imply that the framers did not intend that the Legislature could empower such a committee to suspend or disapprove a rule promulgated while the Legislature was in regular session.

It also appears from these opinions, commentaries and the record of the constitutional convention that there is a substantial question whether the Legislature may revoke, suspend or amend a rule by concurrent resolution or can do so only by bill enacted in conformity with the Constitution.

There are no constructional or factual issues to be resolved as a predicate to consideration by this Court of the constitutional questions.

This is a solemn occasion. The administration of government depends on exercise of the rule-making power. The challenged amendment of the Administrative Procedures Act[9] will cloud rules promulgated after its effective date and may encourage agencies to avoid the rule-making procedures of that act.[10]

COLEMAN and FITZGERALD, JJ., concurred with LEVIN, J.

---

Harv L Rev 637 (1952); Schwartz, *Legislative Control of Administrative Rules and Regulations: The American Experience,* 30 NYU L Rev 1031 (1955); Carr, *Legislative Control of Administrative Rules and Regulations: Parliamentary Supervision in Britain,* 30 NYU L Rev 1045 (1955).

[8] 2 Official Record, Constitutional Convention 1961, pp 2969–2970.

[9] MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.*

[10] *See* Davis, *supra,* § 6.08, p 389, fn 21; MCLA 24.231 *et seq.;* MSA 3.560(131) *et seq.*